Curia, per
Nott, J.
There are two questions for our consideration in this case.
First. Whether any parol evidence ought to have been admitted to contradict, the deed, by shewing a mistake either in law or fact ?
Second. Whether the evidence was sufficient to establish the fact that there was a mistake ?
It will be here remarked, that this is a bill to correct a mistake in a deed, so as to give it a more extended operation than it purports on its face; or rather to establish another in its place, carrying a different and larger estate than the original purports to convey. Its object, therefore, is to violate one of the first and best settled rules of evidence, to wit, “that parol evidence shall never be admitted to contradict, explain or vary a written instrument.” I admit that there are many exceptions to that rule; and that there is great difficulty in reconciling the various cases upon the subject. But among all those conflicting decisions, I am of opinion, that it will be difficult to find one which will authorize the admission of the testimony which has been received in this case. There are many cases where parol evidence has been admitted on the part of a defendant, to shew a *mistake in a deed in order to prevent the specific execution of it; but I am not aware of any, where it has been admitted on *403 the part of the complainant to set up a different deed from the one which has been executed. Phillips, in his treatise on evidence, says; “It does not appear, from any reported case, that the complainant has ever been allowed to give parol evidence, varying a written agreement, on the ground of mistake or surprise.” Phil. 353, 354. In the case of Walker v. Walker, 2 Atk. 100, Lord Hardwicke throws out an intimation, that such evidence might be admitted.
In the case of Joynes v. Statham, 3 Atk. 388, the lord chancellor permitted the defendant, by parol evidence, to disclose a fact, which did not appear on the face of the deed ; and in that case also observed, that if the defendant had been the complainant, and had brought his bill for a specific performance, he did not see but he might be allowed the benefit of the same testimony. Butin the case of Clinan v. Cook, 1 Sch. & Lef. 22, Lord Redesdale referring to those cases remarks, “'there seems to havé been somewhat of a floating idea in the mind of his lordship, that by possibility, a case might be made, in which even a plaintiff might be permitted to shew an omission in a written agreement either by mistake or fraud. However, I can find no decision except the contrary way.” Lord Eldon, in the case of the Marquis of Townsend v. Stangroom, 6 Ves. 328, says, “that those producing evidence of mistake or surprise, either to ratify an agreement, or calling upon the court to refuse a specific performance, undertake a great difficulty ; but it does not follow that such evidence is therefore incompetent.” In the case of Woollam v. Hearn, 7 Ves. 218, the master of the rolls lays down the rule, that parol evidence is never to be admitted to correct a mistake in favor of a plaintiff the performance of an agreement. It is not my intention,* however, to express any opinion on that question at present. And I have referred to those cases, merely for the purpose of shewing- how cautious eminent judges have been in admitting an invasion of that necessary and most salutary rule of evidence. But w-halever the general rule may be, evidence, which is incompetent for any other purpose, ought not to be received, to contradict or vary a deed.
The declaration of the magistrate that the mistake happened through his ignorance, was only hearsay, and ought to have been rejected.
The only remaining evidence of mistake is the testimony of James Harbeson, who bought the land : he says his mother acknowledged that she had sold all her right. But that was nothing more than what she had already acknowledged under her hand and seal. And there she appears to have considered her right to be nothing but a right of dower. That right she was willing to renounce, and did renounce, and nothing more. But a solitary, and at most an equivocal expression of that sort, ought not to have the effect of destroying the legal operation of a solemn deed; and particularly one which the law, through an abundance of caution, has required to be executed with more than ordinary solemnities. It is said that the purchaser paid the full value of the land. But that was a matter in which the wife had nothing to do, and of which she probably had no knowledge. It is also contended that she joined her husband in the conveyance which W'ent to pass her inheritance. But under what circumstances, whether voluntarily or by compulsion or persuasion, we know not. It is only *404 from the official certificate of the magistrate that we are to ascertain that fact. And from that it appears that she was willing to renounce her dower only. And although it furnishes some reason to suppose that she had no very distinct notion of what her right was, it does not authorize* the conclusion that if she had been better informed, she would have been willing to have renounced more. But another view not more favorable to the complainant is, that notwithstanding he had a full knowledge of the fact, he suffered it to remain for twelve years, until the magistrate, the most important witness to prove the fact, if it existed, and the old lady, who alone could correct it, are both dead. And he ought not to be permitted, after such a lapse of time, and after the means of ascertaining the truth has been lost by his own neglect, to deprive these defendants of their inheritance upon such feeble and unsatisfactory evidence. The complainant does not even allege in his bill that he has lately discovered the mistake, but on the contrary he goes back for evidence to prove it, to a period of time which shews manifestly that he did know it; or, what we have a right now to conclude, that he knew the contrary, and would not venture to commence his suit until those witnesses were gone. I am of opinion that the defendant has failed to support his case; and that the decree must be reversed, and the bill dismissed with costs.

Decree reversed 
(a)

 Vide post, the case of Mayo v. Feaster; and the case of Gibson v. Watts, ante, vol. 1, p. 490.